```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Civil No. 20-1033(DSD/LIB)
```

Vincent N. Micone, III,
Acting Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.                                                      **ORDER**

Alpha & Omega USA, Inc, d/b/a
Travelon Transportation, and
Viktor Cernatinskij,

        Defendants.

    This matter is before the court upon the motion for contempt by non-party Brian Wilson under Federal Rule of Civil Procedure 71. Wilson seeks various forms of relief based on the June 27, 2023, order of this court (Order).

    Relevant here, Order concluded that certain specifically identified employees of defendants were awarded back wages due to defendants' violations of the Fair Labor Standards Act. ECF No. 139, at 4-5. The Order "enjoined and restrained [defendants], under section 17 of the FLSA, 29 U.S.C. § 217, from withholding the back wages and liquidated damages found due and from prospectively violating the FLSA's minimum wage, overtime, and recordkeeping provisions[.]" Id. at 5. The Order further required defendants to "properly classify all current and future drivers as employees and pay them in accordance with the FLSA[.]" Id.

Wilson, who is not among the employees identified in the Order, contends that defendants are in contempt of the Order by not classifying him as an employee.

Given the unusual nature of this motion, the court requested briefing by the parties in this action to address whether Wilson has standing to seek contempt.  Wilson asserts standing under Federal Rule of Civil Procedure 71 as a "beneficiary of the Order." Defendants argue that Rule 71 does not support Wilson's claim of standing.  The Department of Labor is less sure but provides analogous case law in support of a finding that Wilson lacks standing to pursue contempt in this case.

Rule 71 provides that "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."  In the analogous setting of third-party challenges to a consent decree, "the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also intended to give that third party a legally binding and enforceable right to that benefit."  Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 958 (8th Cir. 2002).  Even when a consent decree may intend to benefit a third party, it must provide for third-party enforcement, or the court will find a lack of

standing.  Ballou v. Asset Mktg. Servs., LLC, 46 F.4th 844, 862-63 (8th Cir. 2022).  Here, assuming for present purposes that this case law is applicable to the current situation, the court finds that Wilson does not have standing to bring a contempt motion, as the Order provides no basis for third-party enforcement.  Further, the court did not intend the Order to serve as a perpetual basis for non-parties to challenge defendant's actions.

That said, Wilson is not left without a remedy.  He may file a claim for relief under the FLSA's private right of action, 29 U.S.C. § 216(b).

Accordingly, **IT IS HEREBY ORDERED** that the motion for contempt [ECF No. 164] is denied.

Dated: April 3, 2025

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court